ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MOISÉS RODRÍGUEZ TORRES y OTROS**<br><br>Peticionario<br><br>v.<br><br>**ÁNGEL M. PÉREZ COLÓN y OTROS**<br><br>Recurridos | KLCE202300912 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Sebastián**<br><br>Civil Núm.: **A2CI201600630**<br><br>Sobre: Daños y Perjuicios; Difamación y/o Libelo; Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de octubre de 2023.

Comparece ante nos, por derecho propio, el licenciado Moisés Rodríguez Torres (señor Rodríguez Torres o peticionario) y nos solicita la revisión de la *Resolución* notificada el 14 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Sebastián. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria Parcial* presentada por el peticionario.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, el pleito de referencia versa sobre una demanda de daños y perjuicios, difamación y/o libelo e incumplimiento de contrato, instada por el señor Rodríguez Torres, su esposa Daisy Milagros Serra Pardo, la Sociedad Legal de Bienes

Gananciales compuesta por ambos, entre otros, contra la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico (Gran Logia o recurrida), Ángel M. Pérez Colón y Fernando Escabí Ramírez y otros. El 23 de diciembre de 2016, la demanda fue enmendada. En esencia, la parte demandante alegó que la Gran Logia quebrantó los estatutos que la rigen, al validar la suspensión de los derechos masónicos del señor Rodríguez Torres, a pesar de que esta se hizo en contravención con la normativa masónica aplicable. En específico, expuso que la Gran Logia celebró una reunión extraordinaria el 6 de octubre de 2016, donde el señor Pérez Colón leyó una carta informando a los miembros de la organización que se había suspendido al señor Rodríguez Torres de la Gran Logia. La misiva establecía que el señor Rodríguez Torres había incurrido en actos de "sustracción maliciosa de documentos, engaño, desacato e insubordinación". Dicha carta tenía fecha del 30 de septiembre de 2016 y estaba firmada por los señores Escabí Ramírez y Pérez Colón. La parte demandante argumentó que las imputaciones al señor Rodríguez Torres eran difamatorias y/o libelosas y les ocasionó graves daños emocionales.

Luego de varios trámites procesales, los cuales incluyeron la presentación de varias solicitudes de sentencia sumaria por la parte demandante, el 18 de noviembre de 2020 y 3 de junio de 2021, respectivamente, el foro primario dictó sentencias parciales a favor de la parte demandante.[1] En estas se resolvieron los siguientes asuntos: (1) que el contenido de la Carta con fecha del 30 de septiembre de 2016 es uno falso y difamatorio, (2) que fue realizado negligentemente por el señor Ángel M. Pérez Colón y el señor Fernando Escabí Ramírez, (3) que fue publicado a terceras personas y, por consiguiente, los codemandados Ángel M. Pérez Colón y

---

[1] El 12 de marzo de 2021 el TPI emitió *Sentencia Parcial en Rebeldía Enmendada.*

Fernando Escabí Ramírez difamaron al demandante señor Rodríguez Torres. También se resolvió que: (1) la Gran Logia difamó al señor Rodríguez Torres al publicar en la Circular Semanal núm. 41 del 10 de octubre de 2016 que la suspensión del señor Rodríguez Torres fue por "sustracción maliciosa de documentos, engaño, desacato e insubordinación", y que (2) la Gran Logia es vicariamente responsable por la difamación realizada por los demandados Pérez Colón y Escabí Ramírez en contra del señor Rodríguez Torres.

En lo pertinente al asunto que hoy atendemos, el 20 de enero de 2022, el señor Rodríguez Torres instó una tercera moción en solicitud de sentencia sumaria parcial. Esencialmente, requirió al TPI que resolviera de forma sumaria: (1) que existía un contrato entre éste y la Gran Logia, (2) que los términos y condiciones de dicho convenio se componían de la constitución, estatutos, leyes, reglamentos y normas masónicas, (3) que la Gran Logia incumplió con el mencionado acuerdo, ello al validar la suspensión de sus derechos masónicos a pesar de que la misma se llevó a cabo en violación a los postulados que gobiernan a la Gran Logia, (4) que la Gran Logia incumplió con el contrato al no restablecer sus derechos masónicos, aun cuando el proceso penal masónico entablado en la Logia de San Sebastián fue desestimado y (5) que dicha inobservancia fue realizada de manera dolosa por la Gran Logia.[2] En esta ocasión, la parte demandada no se opuso. Consiguientemente, el foro primario denegó la solicitud de sentencia sumaria parcial.

En desacuerdo, la parte demandante acudió ante este Foro en el recurso KLCE202200197. Mediante *Sentencia* dictada el 6 de abril de 2022, este Tribunal expidió el auto de *certiorari* solicitado y revocó el dictamen del TPI. Lo anterior, por no consignar los hechos

---

[2] Junto a su solicitud, anejó 10 documentos, entre los cuales se encuentran, sentencias previas del TPI en este caso, *Contestación a Requerimiento de Admisiones* y extractos del Código Procesal y Penal Masónico. Apéndice del recurso, págs. 18-76.

materiales que encontró de buena fe controvertidos y sobre los que persistía controversia, conforme lo exige la Regla 36.4 de Procedimiento Civil, *infra*.

Así las cosas, el foro *a quo* le concedió a la Gran Logia oportunidad para oponerse a la petición de sentencia sumaria parcial de la parte demandante. El 2 de agosto de 2022, la Gran Logia presentó *Moción de Oposición a Moción de Sentencia Sumaria*. En su comparecencia, arguyó que, a su entender, no procedía dictar sentencia sumaria a favor de la parte demandante porque existe una genuina controversia de hecho y derecho. Particularizó que la relación entre la Gran Logia y sus Logias afiliadas era muy compleja como para atender el caso y adjudicarlo de forma sumaria. Añadió que la suspensión del señor Rodríguez Torres fue una cuestión de la Logia de San Sebastián, por lo que el TPI no debía entrar a adjudicar este pleito relacionado a procesos disciplinarios sobre los derechos masónicos. Además, arguyó que la parte demandante no agotó todos los remedios que estaban a su disposición, pues nunca apeló la negativa del Gran Maestro en revocar su expulsión. En su escrito, anejó una *Declaración Jurada* del señor Aníbal Rosario Meléndez, Muy Respetable Gran Maestro de la Gran Logia. En esta expuso que la publicación en la circular semanal de la suspensión de los derechos masónicos de un miembro por su logia no constituye validación de tipo alguno al proceso por la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, por ser un asunto de la logia concernida con su miembro suspendido. Aseveró que la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico no fue quien suspendió de sus derechos masónicos al señor Rodríguez Torres.

El 13 de febrero de 2023, se celebró una vista argumentativa, a la cual comparecieron todas las partes mediante sus

representaciones legales y expresaron sus argumentos a favor de sus respectivas posiciones.

Analizados los escritos de las partes, las normas masónicas y el derecho aplicable, el 11 de julio de 2023, notificada el 14 de julio de 2023, el TPI emitió la *Resolución* que hoy revisamos. En esta incluyó los 38 hechos sobre los que no existía controversia que surgen de la primera sentencia parcial dictada el 18 de noviembre de 2020, según enmendada, y los 24 hechos sobre los que no existía controversia que surgen de la segunda sentencia parcial dictada el 3 de junio de 2021. A su vez, añadió determinaciones de hechos, a raíz de la tercera moción de sentencia sumaria incoada por la parte demandante.

En primer orden, el TPI concluyó que la oposición presentada por la Gran Logia no cumplió con las disposiciones de la Regla 36.3 (b), (c) y (d) de Procedimiento Civil. No obstante, expresó que su labor era determinar si, como cuestión de derecho, procedía declarar con lugar la moción de sentencia sumaria parcial de la parte demandante.

Cónsono con lo anterior, el foro de instancia resolvió que existía un contrato entre la Gran Logia y el codemandante, señor Rodríguez Torres. Así, determinó que al momento de la suspensión del señor Rodríguez Torres y de la publicación de la circular semanal núm. 41 existía un convenio, cuyos términos y condiciones se componen de las normas masónicas.

Ahora bien, sobre la alegación de incumplimiento de contrato incluida en la demanda de referencia, el Tribunal de Primera Instancia determinó que existían múltiples interrogantes que impedían, mediante una sentencia sumaria, disponer de esta. En particular, enumeró las siguientes interrogantes que debían atenderse en un juicio plenario:

1. Existe controversia en cuanto a si la carta de 30 de septiembre de 2016 cumple con el Código Procesal y Penal Masónico, particularmente con el Artículo 26. Por un lado, es un hecho que dicha comunicación solo está firmada por dos personas y no por tres como exige el inciso 1 de dicho artículo. No obstante, el inciso 2 dispone que también es válida si la acusación es de las Logias o de La Gran Logia, por delito alegadamente cometido en sesión abierta. Una lectura de la referida carta refleja que la acusación I. se refiere a una alegación ocurrida en la "Tenida" del 29 de octubre de 2015. De ser así, que fue un acto cometido en sesión abierta, entonces pudiera cumplir con el inciso 2 del Artículo 26 y ser una acusación válida.

2. Además, aun cuando es un hecho incontrovertido que el 7 de noviembre de 2016, un Panel de Jueces instituido por la Logia de San Sebastián desestimó unánimemente las imputaciones hechas contra el codemandante Moisés Rodríguez Torres contenidas en la Carta de 30 de septiembre de 2016, existen dudas en cuanto a si dicho procedimiento se llevó a cabo conforme a las normas masónicas. Nótese que posteriormente, el 21 de noviembre de 2016 el codemandado Sr. Ángel M. Pérez Colón notificó al Sr. Jorge Ramírez que se estaría constituyendo un nuevo panel de jueces para atender la acusación. No está claro si ambos o cuál de dichos procedimientos fue realizado conforme a las normas masónicas. Tampoco conocemos cuál fue el resultado del segundo procedimiento ni cómo ni a quién se le notificó el resultado.

3. Otra controversia existente es si el [codemandante] Rodríguez Torres apeló a la Gran Logia la determinación de la Logia de San Sebastián de llevar a cabo un nuevo procedimiento/juicio.

4. Igual existe controversia en cuanto a qué conocimiento **específico, realizado por el codemandante Rodríguez Torres**, tenía La Gran [Logia] sobre la determinación unánime de desestimar las imputaciones y, si aun teniendo conocimiento, existe una obligación contractual de restablecer sus derechos masónicos. De hecho, ante nuestra evaluación no tenemos evidencia de gestión del codemandante Moisés Rodríguez Torres con la Gran Logia para solicitar la reinstalación de sus derechos masónicos posteriores al 21 de noviembre de 2016 y que, a su vez, provoquen una obligación de la Gran Logia de restablecerle los derechos masónicos. (Énfasis en el original).

Al determinar que existe controversia en cuanto a si la Gran Logia incumplió el contrato concernido, el TPI declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria Parcial* presentada por la parte demandante. Además, hizo la salvedad que, para la atención

de los asuntos en controversia, auscultaría la necesidad del nombramiento de un Comisionado con conocimiento especializado en las Normas y Procedimientos Masónicos y/o la posibilidad de abrir el descubrimiento de prueba, única y exclusivamente para permitir la contratación, a las partes, de su propio perito en la materia.

Inconforme, el 31 de julio de 2023, el señor Rodríguez Torres incoó una *Moción en Solicitud de Reconsideración y en Solicitud de Determinaciones de Hechos Adicionales*. Mediante *Resolución* dictada el 3 de agosto de 2023, el foro *a quo* la declaró *No Ha Lugar*. Allí, el juzgador de los hechos reiteró que, luego de una evaluación de la ley y toda la documentación presentada, determinó que existen hechos materiales en controversia que requerían ser justipreciados en un juicio plenario.

Aun en desacuerdo, el señor Rodríguez Torres acude ante este Tribunal de Apelaciones. En su recurso, alega que el foro primario cometió los siguientes errores:

1. Erró el Hon. Tribunal de Instancia al dictar una "Resolución" en vez de una Sentencia Sumaria Parcial.

2. Erró el Hon. Tribunal de Instancia al no incluir en sus determinaciones de hechos, hechos que no fueron controvertidos por [la] Gran Logia.

3. Erró el Hon. Tribunal de Instancia al expresar que existen controversias que no fueron establecidas por la Gran Logia.

4. Erró el Hon. Tribunal de Instancia al no resolver que la Gran Logia incumplió con el contrato existente entre esta y el demandante aquí compareciente Lcdo. Moisés Rodríguez Torres al (1) validar la suspensión de los derechos masónicos de la parte demandante aquí compareciente Lcdo. Moisés Rodríguez Torres a pesar de que la misma se llevó a cabo en violación a la constitución, estatutos, leyes y reglamentos de la Gran Logia; y (2) al no restablecer los derechos masónicos de la parte demandante aquí compareciente                                Lcdo. Moisés Rodríguez Torres a pesar de que el proceso penal masónico empezado en la Logia de San Sebastián fue desestimado.

5. Erró el Hon. Tribunal de Instancia al no resolver que dicho incumplimiento fue realizado de manera dolosa por la Gran Logia.

6. Erró el Hon. Tribunal de Instancia al resolver que para poder atender los asuntos en controversia, auscultará el nombramiento de un Comisionado con conocimiento especializado en normas masónicas y/o la posibilidad de abrir el descubrimiento de prueba para la contratación de Peritos en la materia.

El 28 de agosto de 2023, la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, por encomienda de la Asociación de Garantía de Seguros Misceláneos (AGSM), presentó su *Oposición a Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, ya sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[3]

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios

anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36. *Oriental Bank v. Caballero García,* 2023 TSPR 103, resuelto el 23 de agosto de 2023. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Adorno v. Foot Locker Retail,* 208 DPR 622 (2022); *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1024 (2020); *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 109 (2015). Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González et al. v. M. Cuebas,* supra. La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. Véase, *S.L.G. Zapata Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y

pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Zambrana García v. ELA et al.*, 204 DPR 328, 341-342 (2020). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214, seguido en *Meléndez González et al. v. M. Cuebas*, supra, pág. 110.

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. Si lo hace se corre el riesgo de que se acoja la solicitud de sentencia sumaria y se resuelva en su contra. *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000). Ahora, el hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". *Ramos Pérez v. Univisión*, supra, pág. 215, citando a *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983).

Nuestro estado de derecho les exige a los tribunales que, independientemente de cómo resuelvan una moción de sentencia sumaria, emitan una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están. *Meléndez González et al. v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el

expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994). El Tribunal Supremo de Puerto Rico ha expresado que, casos en los cuales existan elementos subjetivos, de intención, propósitos mentales o negligencia o cuando el factor de credibilidad sea esencial, no es apropiado dictar sentencia sumaria. *Ramos Pérez v. Univisión*, supra, pág. 219.

En *Meléndez González et al. v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La labor de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Finalmente, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas*, supra, pág. 119. Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros*, 2023 TSPR 80, resuelto el 26 de junio de 2023.

**III.**

En su recurso, el peticionario alega, en síntesis, que erró el foro recurrido al declarar *No Ha Lugar* su tercera solicitud de sentencia sumaria parcial. Ello, al no incluir hechos que no fueron

controvertidos por la Gran Logia y expresar que existen controversias que no fueron establecidas por la Gran Logia; no resolver que la Gran Logia incumplió el contrato existente entre ésta y el peticionario y que dicho incumplimiento se hizo dolosamente; y al resolver que auscultaría la posibilidad de nombrar un Comisionado con conocimiento especializado en normas masónicas y/o abrir el descubrimiento para la contratación de peritos en la materia. Además, argumenta que el TPI se equivocó al denominar "*Resolución*" en vez de "*Sentencia*" el pronunciamiento recurrido.

Luego de revisar el expediente del caso de epígrafe, junto con el derecho aplicable y las posturas de ambas partes, resolvemos no intervenir con la discreción ejercida por el foro *a quo*. Ciertamente, la controversia del caso de autos es revisable por este Foro conforme a la Regla 52.1 de Procedimiento Civil, *supra*, por tratarse de una denegatoria de una moción de carácter dispositivo. Sin embargo, al evaluar los criterios que dispone la Regla 40 de nuestro Reglamento, denegamos expedir el auto de *certiorari* solicitado por el peticionario. Este último no logró demostrar que el TPI actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la *Resolución* impugnada.

A juicio del TPI, en este caso existen controversias particulares relacionadas al contrato existente entre la Gran Logia y el peticionario que le impiden resolver sumariamente si hubo el incumplimiento contractual alegado en la demanda. En específico, hechos que se relacionan a la carta del 30 de septiembre de 2016 y las firmas que se desprenden de esta. También al TPI le surgió dudas en cuanto a si el procedimiento que desestimó las imputaciones hechas contra el peticionario contenidas en la carta mencionada se llevó a cabo conforme a las normas masónicas. Asimismo, a juicio del foro primario existe controversia sobre si el peticionario apeló a la Gran Logia la determinación de la Logia de San Sebastián y si, en

efecto, el peticionario solicitó a la Gran Logia la reinstalación de sus derechos masónicos posteriores al 21 de noviembre de 2016. Es claro que los anteriores hechos involucran elementos subjetivos, lo cual, según nuestra jurisprudencia, sería apropiado justipreciar en un juicio en su fondo.

En consecuencia, coincidimos con la decisión recurrida, toda vez que es razonable celebrar un juicio en su fondo en el cual se evalúen los hechos en controversia delineados por el propio Tribunal.

**IV.**

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones